PAUL J. CAMBRIA, JR., ESQ. (State Bar No. 177957)
JONATHAN W. BROWN, ESQ. (State Bar No. 223901)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
Facsimile No.: (716) 849-1315
pcambria@lglaw.com
jbrown@lglaw.com

MARK S. HOFFMAN, ESQ. (State Bar No. 108400)
LAW OFFICES OF MARK S. HOFFMAN, A Professional Corp.
1631 West Beverly Boulevard, Second Floor
Los Angeles, California 90026-5746
(213) 250-9800
Facsimile No: (213) 975-1145
mark@markshoffmanlaw.com


Attorneys for Plaintiff LFP IP, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LFP IP, LLC,** | Case No.: 2:16-CV-00166 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. FEDERAL TRADEMARK INFRINGEMENT;** |
| **LEE KEITH BRETT**, | **2. FEDERAL UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN;** |
| Defendant. | **3. FEDERAL TRADEMARK DILUTION; AND** |
| | **4. VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT.** |

1

Plaintiff LFP IP, LLC ("Plaintiff" or "LFP"), by and through its attorneys, herein alleges:

## NATURE OF THE ACTION

1.      This is an action for preliminary and permanent injunctive relief and damages arising from Defendant's infringement of the federal rights of LFP's registered HUSTLER® marks.  Upon information and belief, Defendant LEE KEITH BRETT operates an online retail apparel store that sells various "American Hustler" apparel items, and is thereby intentionally and willfully infringing and trading off of the famous HUSTLER marks.

## JURISDICTION AND VENUE

2.      This is a civil action seeking injunctive relief and damages under 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), for federal trademark infringement, federal statutory unfair competition under the Lanham Act, federal trademark dilution, and for Defendant's violation of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125 (d)(1)(A)).

3.      This Court has subject matter jurisdiction of this action over the federal claims pursuant to 28 U.S.C. §§ 1331; 1332; 1338 and 1367; 15 U.S.C. § 1125(a); and 15 U.S.C. § 1121.

4.      Upon information and belief, this Court has jurisdiction over the individual Defendant LEE KEITH BRETT ("Defendant BRETT") who is an individual residing in Dublin, Ohio.  Plaintiff LFP alleges, on information and

belief, that Defendant BRETT is the owner and operator of www.americanhustlerclothing.com, which sells and distributes products nationwide, including within Los Angeles County.   Accordingly, upon information and belief, Defendant BRETT has caused his infringing products to be advertised, promoted, and sold in this judicial district. Defendant BRETT is doing business within the State of California, and has transacted business in the State of California, giving rise to the action commenced herein.

5.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant BRETT does business and sells his products within the Central District of California, and has caused his infringing products to be advertised, promoted, and sold in this judicial district

## PARTIES

6.   At all times herein relevant, Plaintiff LFP IP, LLC ("Plaintiff" or "LFP") was and is a Delaware limited liability company, authorized to do business in the State of California, with an office and place of business at 8484 Wilshire Boulevard, Suite 900, Beverly Hills, California 90211.

7.   Upon information and belief, Defendant BRETT is an individual with a residence located at 5751 Tuttles Grove Boulevard, Dublin, Ohio 43016, and operates and/or controls the website located at: www.americanhustlerclothing.com

## FACTS COMMON TO ALL CAUSES OF ACTION

## THE

## HUSTLER

## MARKS

8.    Since at least as early as 1972, Plaintiff LFP and its predecessors, affiliates, related companies, and licensees, have used its HUSTLER mark in connection with various goods and services.

9.    LFP's use of the HUSTLER mark includes but is not limited to its use in connection with: magazines as early as 1972; video tapes as early as 1983; online magazines as early as 1993; skincare products and sexual aids as early as 1997; clothing and retail store services as early as 1998; DVDs and jewelry as early as 1999; night clubs and glassware as early as 2000; broadcasting services and belt buckles as early as 2004; cigarette lighters as early as 2005; garments for pets, backpacks, duffel bags, handbags, messenger bags, purses, tote bags, travel bags, and wallets as early as 2007; motorcycle helmets as early as 2008; and eyewear and protective gear for motorcycle riding as early as 2011.

10.    Plaintiff LFP owns numerous federal registrations on the Principal Register for its HUSTLER marks and various related and composite marks.  Such registrations include, but are not limited to, the following, most of which have become incontestable within the meaning of the Lanham Act:

| Mark | Reg. No. | Reg. Date | Date of First Use in Commerce | Goods/Services |
|---|---|---|---|---|
| HUSTLER | 1011001 | 05-20-1975 | 01-01-1972 | Entertainment magazine in Class 16 |
| HUSTLER HUMOR | 1145751 | 01-13-1981 | 02-28-1978 | Entertainment magazine in Class 16 |
| HUSTLER FANTASIES | 1421856 | 12-23-1986 | 09-14-1983 | Adult entertainment magazine in Class 16 |
| HUSTLER | 1474758 | 02-02-1988 | 11-01-1983 | Pre-recorded video tapes in Class 9 |
| HUSTLER | 2001594 | 09-17-1996 | 12-31-1993 | Providing computer on-line magazine in Class 42 |
| HUSTLER | 2200271 | 10-27-1998 | 01-30-1997 | Skin care products, namely, skin soap, body oil and cream, bath oil, massage oil in Class 3; Adult sexual aids, namely, artificial penises, penis enlargers, mechanical apparatus to aid in the erection of the penis, rubber ring to be worn about the penis, vibrators, benwa balls, artificial vaginas in Class 10 |
| HUSTLER'S TABOO | 2211238 | 12-15-1998 | 05-12-1998 | Prints and publications, namely, an adult entertainment magazine in Class 16 |
| HUSTLER'S TABOO | 2582229 | 06-18-2002 | 09-30-1998 | Providing on-line entertainment, photographs, images, education, information and editorial content via the internet, World |

| | | | | |
|---|---|---|---|---|
| | | | | Wide Web and other electronic and telecommunications transmission systems, miscellaneous computer services and all other services in the field of adult entertainment in Class 41 |
| HUSTLER HOLLYWOOD | 2318186 | 02-15-2000 | 12-03-1998 | Retail store services relating to books and prerecorded video cassettes in Class 35 |
| HUSTLER HOLLYWOOD | 4312312 | 04-02-2013 | 12-03-1998 | Retail store services featuring digital video discs, adult sexual stimulation aids, apparel, lingerie, hats, cosmetics, candles, perfumes, shave creams, bath and body products, personal lubricants, body creams, novelty items, party games, playing cards, candies, jewelry, books, magazines, condoms, and lotions in Class 35 |
| HUSTLER | 2689852 | 02-25-2003 | 12-06-1998 | Clothing, namely, beach wear, blouses, coats, coveralls, dresses, head wear, jackets, jeans, jogging suits, jumpers, leg warmers, leggings, lingerie, lounge wear, neckwear, pants, scarves, shirts, ski wear, slacks, sleep |

| | | | | |
|---|---|---|---|---|
| | | | | wear, tank tops, socks, vests in Class 25 |
| HUSTLER VIDEO | 2677772 | 01-21-2003 | 09-14-1999 | Digital video discs (DVDs) in the field of adult entertainment in Class 9 |
| HUSTLER | 2679483 | 01-28-2003 | 09-20-1999 | Men's and women's jewelry, namely, rings, necklaces, bracelets in Class 14; Glassware, namely shot glasses, mugs, beer steins in Class 21 |
| HUSTLER XXX | 2448315 | 05-01-2001 | 09-21-1999 | Publications, namely, an adult entertainment magazine in Class 16 |
| HUSTLER XXX | 2453938 | 05-22-2001 | 04-04-2000 | Pre-recorded discs in the field of adult entertainment in Class 9 |
| HUSTLER | 2410985 | 12-05-2000 | 06-22-2000 | Night club in Class 42 |
| HUSTLER CLUB | 2773372 | 10-14-2003 | 12-28-2000 | Operation of night clubs in Class 41 |
| HUSTLAZ | 2772467 | 10-07-2003 | 12-03-2002 | Providing an online interactive Web site featuring adult entertainment in Class 41 |
| HUSTLER XXX | 2716466 | 05-13-2003 | 12-04-2002 | Providing on-line entertainment, photographs, images via the internet, World Wide Web and other electronic and telecommunications transmission systems, miscellaneous computer services and all other services in the field of adult |

|  |  |  |  | entertainment in Class 41 |
|---|---|---|---|---|
| HUSTLER TV | 3008950 | 10-25-2005 | 04-20-2004 | Cable, satellite, television and video-on-demand (VOD) broadcasting in Class 38 |
| HUSTLER | 3166771 | 10-31-2006 | 04-30-2004 | Men's and women's belt buckles not of precious metal in Class 26; Cigarette lighters not of precious metal in Class 34 |
| HUSTLERCASH | 4124112 | 04-10-2012 | 10-31-2005 | Advertising and on-line marketing services offered via global computer networks and global communication networks in Class 35 |
| HUSTLER | 3149102 | 09-26-2006 | 06-10-2006 | Footwear, namely, all types of shoes, boots, slippers, thongs and socks in Class 25 |
| HUSTLER VIDEO & Design | 3431048 | 05-20-2008 | 12-15-2006 | Digital materials, namely, digital video discs (DVDs), downloadable films provided via a video-on-demand service, and downloadable video files, all featuring adult entertainment in Class 9 |
| HUSTLER | 3349195 | 12-04-2007 | 09-01-2007 | Garments for pets in Class 18 |
| HUSTLER | 4354035 | 06-18-2013 | 12-31-2007 | Backpacks; duffel bags; handbags; messenger bags; purses; tote bags; |

| | | | | |
|---|---|---|---|---|
| | | | | travel bags; wallets in Class 18 |
| HUSTLER | 3918404 | 02-15-2011 | 01-31-2008 | Motorcycle helmets in Class 9 |
| HUSTLER | 4354038 | 06-18-2013 | 03-30-2008 | Digital media, namely, downloadable audio and video recordings, digital versatile discs (DVDs), and high definition digital discs featuring adult entertainment in Class 9 |
| HUSTLER HD & Design | 3719932 | 12-01-2009 | 06-13-2009 | Broadcasting services and provision of telecommunication access to films and television programmes provided via a video-on-demand service in Class 38 |
| HUSTLER | 4257789 | 12-11-2012 | 12-31-2009 | Broadcasting services, namely, video-on-demand transmission services; video broadcasting; and electronic transmission and streaming of data, images, videos and other digital media via the internet, wired or wireless networks, to computers, televisions, or mobile devices in Class 38 |
| HUSTLER | 4453481 | 12-24-2013 | 06-30-2011 | Eyewear, namely, sunglasses; Protective gear for motorcycle riding, namely, motorcycle gloves for protecting hands in an |

| | | | | accident and motorcycle goggles in Class 9 |
|---|---|---|---|---|
| HUSTLERSTORE | 4268341 | 01-01-2013 | 01-31-2012 | On-line retail store services featuring digital video discs, adult sexual stimulation aids, apparel, lingerie, hats, cosmetics, candles, perfumes, shave creams, bath and body products, personal lubricants, body creams, novelty items, party games, playing cards, candies, jewelry, books, magazines, condoms, and lotions in Class 35 |
| HUSTLERNOW | 4424875 | 10-29-2013 | 02-27-2013 | Mobile media services in the nature of electronic transmission, broadcasting and delivery of audio, video and multimedia adult entertainment content including text, data, images, audio, video and audiovisual files by means of the internet, wireless communication, electronic communications networks and computer networks in Class 38; Entertainment services in the nature of providing adult |

10

| | | | | entertainment programs and content, namely, providing a web site featuring non-downloadable adult-themed motion pictures, related film clips, graphics and information relating to adult entertainment, via the Internet, electronic communications networks, computer networks and wireless communications networks in Class 41 |
|---|---|---|---|---|
| LARRY FLYNT'S HUSTLER EXPRESS | 4611444 | 09-23-2014 | 03-31-2014 | Retail stores featuring digital video discs, adult sexual stimulation aids, apparel, lingerie, hats, cosmetics, candles, perfumes, shave creams, bath and body products, personal lubricants, body creams, novelty items, party games, playing cards, candies, jewelry, books, magazines, condoms, and lotions in Class 35 |

11.    The federal trademark registrations set forth in Paragraph 10 above (among others, the "HUSTLER Marks") are valid and subsisting, and constitute prima facie evidence of their validity.

12.    By virtue of its extensive and longtime use, substantial worldwide promotional efforts and commercial success of its famous HUSTLER Marks, LFP has established valuable goodwill in the HUSTLER Marks, and the public has come to associate the HUSTLER Marks with LFP and its famous founder, Larry Flynt.  As such, the HUSTLER Marks have become famous and the public has come to know the HUSTLER Marks as an indication of goods and services that originate from LFP.

13.    Trademark Registration Nos. 1011001, 1145751, 1421856, 1474758, 2001594, 2200271, 2211238, 2582229, 2318186, 2689852, 2677772, 2679483, 2448315, 2453938, 2410985, 2773372, 2772467, 2716466, 3008950, 3166771, 3149102, 3431048, 3349195, and 3719932 identified in paragraph 10 above are incontestable.  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. § § 1058 and 1065 for all of the subject registered trademarks listed in this paragraph.

14.    The registered HUSTLER Marks are currently owned by Plaintiff LFP IP, LLC.

**DEFENDANT BRETT'S SERVICE MARK APPLICATION**

15.    On or about June 10, 2015, Defendant caused to be filed with the United States Patent and Trademark Office ("USPTO") Trademark Application Serial No. 86657943 under Section 1(a), 15 U.S.C. § 1051(a) for "AMERICAN HUSTLER" with the design shown below:

AMERICAN HUSTLER

in connection with "*On-line retail store services featuring clothing and billiard products*" in International Class 035.

16.    On September 9, 2015, Plaintiff LFP IP, LLC filed with the United States Patent and Trademark Office a Letter of Protest with regard to Application Serial No. 86657943.

17.    On September 22, 2015, Plaintiff's Letter of Protest was accepted by the United States Patent and Trademark Office.

18.    On October 22, 2015, the USPTO issued an Office Action and refused to register Application Serial No. 86657943 because of a likelihood of confusion with the marks in LFP's U.S. Registration Nos. 2689852, 4268341, and 4312312 under Trademark Act Section 2(d), 15 U.S.C. § 1052(d).

**DEFENDANT BRETT'S WEBSITE AND**

**SALE OF INFRINGING APPAREL**

19.    On information and belief, in or about early November 2015, Defendant BRETT launched a newly-designed website, operating at the www.americanhustlerclothing.com domain name, to advertise, distribute and sell "American Hustler" branded apparel.

20.    Defendant BRETT, in contravention of the rights of Plaintiff LFP, continues to operate the website located at www.americanhustlerclothing.com to sell apparel, and has otherwise failed and refused to remove the HUSTLER Marks from his website, advertising, and apparel.

21.    The continued operation of the website found at the www.americanhustlerclothing.com domain name and the sale of apparel bearing the HUSTLER Marks is a willful and deliberate infringement of the rights of Plaintiff in and to the HUSTLER Marks, and is specifically intended by Defendant to trade off the goodwill and fame associated with the HUSTLER Marks.

## COUNT I

## INFRINGEMENT OF REGISTERED TRADEMARK

## (15 U.S.C. § 1114)

22.    Plaintiff LFP incorporates by reference the allegations contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.    Plaintiff LFP is the owner of various HUSTLER federal trademark registrations, specifically including HUSTLER registrations used in connection with retail services and apparel.

24.    By reason of the foregoing, Defendant BRETT's use of "American Hustler" or any confusingly similar variation thereof is likely to cause consumer confusion as to the source of Defendant's website and apparel, or the sponsorship

or affiliation between Defendant's apparel and apparel actually licensed, sponsored or affiliated with Plaintiff LFP.

25.  Defendant BRETT's use of "American Hustler" or any confusingly similar variation thereof, infringes the federal trademark rights of Plaintiff LFP. Upon information and belief, Defendant BRETT is deliberately, intentionally and willfully infringing Plaintiff's HUSTLER trademarks, and the goodwill associated by the public with the subject names and marks, and falsely making it appear to consumers that Plaintiff LFP is endorsing, sponsoring, or are otherwise affiliated with Defendant BRETT and/or his products.

26.  Upon information and belief, if not preliminarily and permanently enjoined by this Court, Defendant BRETT will continue to operate the www.americanhustlerclothing.com website to sell apparel bearing the HUSTLER Marks, or confusingly similar variations thereof, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1114.

27.  Plaintiff LFP also seeks monetary damages and attorneys' fees for Defendant BRETT's willful use and advertising of the HUSTLER Marks, inclusive of a disgorgement of all revenues earned by him since acquiring the www.americanhustlerclothing.com domain name.

28.  Plaintiff has no adequate remedy at law.

# COUNT II

## FEDERAL UNFAIR COMPETITION –

## FALSE DESIGNATION OF ORIGIN

(15 U.S.C. § 1125(a))

29.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     LFP's HUSTLER Marks are widely recognized by the general consuming public of the United States as a designation of the source of goods and services sold utilizing said marks by Plaintiff or its authorized licensees.

31.     Defendant has operated the www.americanhustlerclothing.com website and marketed "American Hustler" apparel by unlawfully utilizing the HUSTLER Marks, or confusingly similar marks, without Plaintiff's permission; with the intent to create an association and affiliation between Defendant and Plaintiff; and to trade-off on the fame and notoriety of Plaintiff by usurping the goodwill of the HUSTLER Marks.

32.     Defendant BRETT's unauthorized conduct has also deprived, and will continue to deprive, Plaintiff of the ability to control the consumer perception of its products and services offered under Plaintiff's HUSTLER Marks, placing the valuable reputation and goodwill of Plaintiff LFP in the hands of Defendant.

33.     The continued use by Defendant BRETT of the HUSTLER Marks will result in deception and confusion of the public as to the endorsement of the

www.americanhustlerclothing.com website and "American Hustler" apparel by Plaintiff, and constitutes unfair competition and violation of the federal Lanham Act, 15 U.S.C. § 1125(a), and violation of the Plaintiff's exclusive rights to exploit said famous HUSTLER Marks.  The foregoing conduct of Defendant further constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

34.    Defendant BRETT has direct and full knowledge of Plaintiff's prior use of, and rights in, Plaintiff's HUSTLER Marks before the acts complained of herein. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

35.    Upon information and belief, unless preliminarily and permanently enjoined by this Court, Defendant will continue to unlawfully advertise and exploit the HUSTLER Marks, causing Plaintiff irreparable damage and injury.

36.    Plaintiff has no adequate remedy at law.

### COUNT III

### TRADEMARK DILUTION

(15 U.S.C. § 1125 (c))

37.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.    Plaintiff's HUSTLER Marks are famous and distinctive and are entitled to protection against dilution by blurring or tarnishment.

17

39.    Defendant commenced the use of Plaintiff's HUSTLER Marks in commerce after the HUSTLER Marks had become famous and distinctive.

40.    By deliberately, intentionally and willfully displaying the HUSTLER Marks in the operation of the www.americanhustlerclothing.com website and selling apparel bearing the Hustler Marks, Defendant has caused dilution of the HUSTLER Marks through blurring and tarnishment, in violation of 15 U.S.C. § 1125(c).

41.    By reason of the foregoing, Defendant BRETT has deliberately, willfully and knowingly diluted the rights of Plaintiff in and to the HUSTLER Marks, in order to intentionally deceive and mislead consumers and the public at large, and to willfully usurp the goodwill and reputation associated with the HUSTLER Marks.

42.    Unless preliminarily and permanently enjoined by this Court, Defendant BRETT will continue to dilute, and to cause serious and irreparable harm and damage to the reputation and goodwill associated with Plaintiff LFP and the HUSTLER Marks.

43.    Plaintiff has no adequate remedy at law.

## COUNT IV

## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

(15U.S.C. § 1125 (d)(1)(A))

18

44.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     Defendant BRETT's acts as pled herein are in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125 (d)(1)(A)).

46.     Defendant BRETT has registered and used the www.americanhustlerclothing.com domain name, which incorporates and is confusingly similar to and dilutive of LFP's HUSTLER Marks, with a bad faith intent to profit from LFP's intellectual property.

47.     Plaintiff LFP has sustained irreparable harm and, unless Defendant is enjoined, LFP will continue to sustain irreparable harm as a result of Defendant BRETT's wrongful conduct in violation of the Anticybersquatting Consumer Protection Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LFP IP, LLC demands judgment against Defendant BRETT as follows:

(1) Restraining and enjoining Defendant, together with Defendant's officers, agents, employees, successors and assigns, and all those in privity and/or acting in concert with them, preliminarily during the pendency of this action and permanently, from distributing, marketing, and/or otherwise utilizing the HUSTLER Marks, or any confusingly similar name or mark, in the operation of any website or sale of goods without Plaintiff's permission.

19

(2) Awarding Plaintiff its monetary damages, including its actual damages sustained as a result of Defendant's infringement of Plaintiff's HUSTLER Marks, and other unlawful conduct set forth herein, together with an accounting of Defendant's profits, as provided in 15 U.S.C. § 1117, in amounts to be determined at trial.

(3) Directing Defendant to surrender for destruction all apparel, signage, promotional material, inclusive of all goods, labels, advertising material, and other items containing or including the HUSTLER Marks, and any confusingly similar mark.

(4) Directing Defendant to immediately cease use of the www.americanhustlerclothing.com domain name and to immediately transfer the domain name registration to Plaintiff LFP.  Such Order should further direct Defendant BRETT to sign all paperwork and to take all required actions to effectuate transfer.

(5)    Awarding Defendant's profits to Plaintiff that are derived by reason of Defendant's infringing activities.

(6)    Awarding Plaintiff treble damages and its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant BRETT's willful, intentional, and deliberate acts in violation of the Lanham Act.

(7) Awarding Plaintiff punitive damages against Defendant for his willful misconduct, in an amount to be determined at trial.

(8) Awarding Plaintiff its costs and reasonable attorneys' fees and expert witness fees in this action.

(9)    Prejudgment and post judgment interest.

(10) Granting Plaintiff such other and further relief as the Court may deem just and equitable.

Dated:  January 8, 2016

                                         /s/Jonathan W. Brown
                                           Jonathan W. Brown, Esq.

                           LIPSITZ GREEN SCIME CAMBRIA LLP
                           42 Delaware Avenue, Suite 120
                           Buffalo, New York 14202-3924
                           (716) 849-1333

                                           Mark S. Hoffman, Esq.

                           LAW OFFICES OF MARK S.
                           HOFFMAN, A PROFESSIONAL CORP.
                           1631 West Beverly Boulevard
                           Second Floor
                           Los Angeles, California 90026-5746
                           (213) 250-9800

                           Attorneys for Plaintiff LFP IP, LLC

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  January 8, 2016

                                                  /s/Jonathan W. Brown

                                                  Jonathan W. Brown, Esq.

LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333

                                                Mark S. Hoffman, Esq.

LAW OFFICES OF MARK S. HOFFMAN, A PROFESSIONAL CORP.
1631 West Beverly Boulevard
Second Floor
Los Angeles, California 90026-5746
(213) 250-9800

Attorneys for Plaintiff LFP IP, LLC

22