1 | JONATHAN W. BROWN, ESQ. (State Bar No. 223901)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
Facsimile No.: (716) 849-1315
jbrown@lglaw.com

MARK S. HOFFMAN, ESQ. (State Bar No. 108400)
ERIKA L. MANSKY, ESQ. (State Bar No. 228199)
MARK S. HOFFMAN, A PROFESSIONAL CORPORATION
11845 W. Olympic Blvd., Suite 1000
Los Angeles, CA 90064
Tel. (424) 248-6633
Fax: (424) 248-6677
mark@markshoffmanlaw.com
erika@markshoffmanlaw.com

Attorneys for Plaintiff LFP IP, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LFP IP, LLC,**<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>**LEE KEITH BRETT;** and DOES 1 through 10 inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:16-cv-00166-FMO-RAO<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO FRCP 12(b)(6) AND STRIKE AFFIRMATIVE DEFENSES PURSUANT TO FRCP 12(f)**<br><br>Date:　July 28, 2016<br>Time:　10:00 a.m.<br>Judge: Hon. Fernando M. Olguin<br>Courtroom: 22 – 5th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on <u>July 28, 2016 at 10:00 a.m.</u>, or as soon thereafter as counsel may be heard, Plaintiff LFP IP, LLC ("Plaintiff" and/or "LFP"), through its undersigned counsel, moves this Court for an Order granting Plaintiff's Motion to Dismiss Defendant's Counterclaims pursuant to FRCP 12(b) (6) and to strike Defendant's Affirmative Defenses pursuant to FRCP 12(f) (the "Motion").

For all the reasons contained in this motion, the memorandum of points and authorities filed herewith, and all of the papers filed in this action, Plaintiff's Motion should be granted.

This Motion is made following a telephonic conference with Defendant Lee Brett ("Defendant" and/or "Brett") on June 22, 2016.

Dated:  June 27, 2016             LAW OFFICES OF MARK S. HOFFMAN,
                                  A Professional Corp.

                                  LIPSITZ GREEN SCIME CAMBRIA LLP


                                  By: /s/ Jonathan W. Brown
                                       Jonathan W. Brown, Esq.
                                       *Attorneys for Plaintiff*

# TABLE OF CONTENTS

Memorandum of Points and Authorities ................................................................. 6

I. INTRODUCTION ....................................................................................... 6

II. LEGAL STANDARD .................................................................................. 7

    A.    FRCP 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS ...... 7

    B.    FRCP 12(f) MOTION TO STRIKE AFFIRMATIVE DEFENSES ............................................................................................. 8

III. ARGUMENT ............................................................................................. 10

    A.    DEFENDANT BRETT'S "COUNTERCLAIMS" MUST BE DISMISSED ............................................................... 10

    B.    DEFENDANT BRETT'S "AFFIRMATIVE DEFENSES" SHOULD BE STRICKEN .......................................................... 12

IV. CONCLUSION ........................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Amini Innov. Corp. v. McFerran Home Furnishings, Inc.*, 2014 U.S. Dist. LEXIS
   13342 (C.D. Cal. Jan. 31, 2014) .................................................................... 10
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................... 7, 8, 10, 11, 12
*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983) ......................................................................................... 8
*Bell Atlantic v. Twombly*, 550 U.S. 554 (2007) .................................. 7, 8, 10, 11, 12
*Fantasy, Inc. v. Fogerty*, 984 F.2d 880 (9th Cir. 1993),
   *rev'd on other grounds*, 510 U.S. 517 (1994) ............................................... 9
*Gallegos v. Roman Catholic Archbishop of San Francisco*, 2016 U.S. Dist. LEXIS
   74207, *5 (N.D. Cal. June 7, 2017) ................................................................. 9
*M2 Software, Inc. v Madacy Entertainment*, 421 F.3d 1073, 1080
   (9th Cir. 2005) ................................................................................................ 13
*Pacific Dental Services, LLC v. Homeland Ins. Co. of New York*,
   2013 U.S. Dist. LEXIS 100056 (C.D. Cal. July 17, 2013) ........................... 9-10
*Papasan v. Allain*, 478 U.S. 265, 286 (1986) ............................................................ 8
*Pinterest, Inc. v. Pinstrips, Inc.*, 140 F.Supp.3d 997 ............................................... 13
*Shinde v. Nithvananda Foundation*, 2013 WL 1953707, at *2
   (C.D. Cal. May 10, 2013) ............................................................................. 8-9
*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) ........................... 9
*Sliger v. Prospect Mortg.*, 789 F.Supp.2d 1212 (E.D. Cal. 2011) ............................. 9
*Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 441
   (C.D. Cal. 2013) ............................................................................................. 12
*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979) ......................................... 9
*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) .......................... 12-13

**Statutes**

Fed. R. Civ. P. 8(a)(2) ................................................................................................ 7

Fed. R. Civ. P. 8(b)(1)(A) ........................................................................................... 9

Fed. R. Civ. P. 12(f) ................................................................................................ 8, 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Defendant Brett's Answer to the Complaint alleges four purported "Counterclaims" and six "Affirmative Defenses."

Defendant Brett's "Counterclaims" should be dismissed as Defendant has failed to plead *any* facts in support of his entitlement to the requested relief. Further, Defendant has failed to plead even the most basic legal elements of the alleged Counterclaims. Finally, at least two of the purported Counterclaims are not counterclaims at all, but exclamations of purported damages. Therefore, Defendant Brett's Counterclaims must be dismissed as they fail to state a cause of action. Similarly, Defendant Brett's "Affirmative Defenses" must be struck as insufficient, redundant, immaterial, and/or impertinent. Two of Defendant Brett's "Affirmative Defenses," specifically "2" and "4" contain only alleged factual material and advance no legal theory to support the title of "Affirmative Defense."

The remainder of Defendant Brett's "Affirmative Defenses" contain an overwhelming amount of redundant, immaterial, and/or impertinent material, including, but not limited to legal citations, purported legal analysis, and legal arguments. Striking those portions of Defendant Brett's "Affirmative Defenses" is

proper to avoid the expenditure of time and money which arise from litigating spurious issues.

## II. Legal Standard

**A. FRCP 12(b)(6) Motion to Dismiss Counterclaims**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2).

The Supreme Court clarified in *Bell Atlantic v. Twombly,* 550 U.S. 554 (2008) that to satisfy Rule 8 (a)(2), a complaint must contain <u>sufficient factual content</u> "to state a claim to relief that is plausible on its face…" 550 U.S. at 570. Under *Twombly*, a complaint that offers "labels and conclusions…a formulaic recitation of the elements of a cause of action[,]" or "naked assertions[s] devoid of "further factual enhancement" will not suffice. *Id.* at 555,557.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)). A court need not accept "legal conclusions" as true. *See Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the…laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**B. FRCP 12(f) Motion to Strike Affirmative Defenses**

Federal Rule of Civil Procedure 12(f) authorizes a trial court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Shinde v. Nithyananda*

*Foundation*, 2013 WL 1953707, at *2 (C.D. Cal. May 10, 2013). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *Gallegos v. Roman Catholic Archbishop of San Francisco*, 2016 U.S. Dist. LEXIS 74207, *5 (N.D. Cal. June 7, 2017) (citing, *Fantasy, Inc. v. Fogerty*, 984 F.2d 880, 885 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Even where matter in a pleading is relevant to the controversy, it nonetheless may be stricken if it is scandalous or set out in needless detail. *Id.*

The purpose of Rule 12(f) is to "avoid the expenditure of time and money that…arise[s] from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Striking is appropriate if it "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Sliger v. Prospect Mortg.*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011).

Furthermore, the Federal Rule of Civil Procedure 8(b)(1)(A) requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." An affirmative defense must give fair notice of the defense pled. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also Pacific Dental Services, LLC v. Homeland Ins. Co. of New York*, 2013 U.S. Dist. LEXIS 100056

(C.D. Cal. July 17, 2013) ("fair notice" standard of *Wyshak* unaffected by *Twombly* and *Iqbal*). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense," but a "detailed statement of facts is not required." *Amini Innov. Corp. v. McFerran Home Furnishings, Inc.*, 2014 U.S. Dist. LEXIS 13342 (C.D. Cal. Jan. 31, 2014).

### III. Argument

**A. Defendant Brett's "Counterclaims" Must Be Dismissed**

Defendant Brett's "Counterclaims" read as follows:

> "1. Frivolous action – Plaintiffs complaint is frivolous against the defendant and has been advanced without reasonable cause. Defendant has suffered damages as a result in an amount to be determined at trial.
>
> 2. Abusive legal process – Defendant seeks punitive damages against the plaintiff for Bad faith conduct as a result of the plaintiffs intentions to steal the plaintiffs [*sic*] website and trademark for their own gains.
>
> 3. Defendant seeks loss of earnings due to plaintiffs wrongful conduct from October 2015 to the present time.
>
> 4. Defendant seeks reasonable attorney's fees, costs and punitive damages as a result of plaintiffs wrongful conduct."

(*See* Docket No. 17, page 17).

As an initial matter, purported Counterclaims "3" and "4" are not counterclaims at all, but, rather, expressions of alleged entitlement to damages. It should be noted, however, that Defendant Brett claims loss of earnings despite Defendant Brett's own admission in his Answer that "the website hasn't taken 1 Sale, as the defendant didn't set the pay pal up to accept payments until the trademark issue was resolved." (*See* Docket No. 17, Page 1 of Defendant's Answer to Complaint).

As to purported Counterclaims "1" and "2," in addition to appearing to be duplicative of one another, Defendant Brett has failed to offer any factual support for the allegations that Plaintiff has filed a frivolous Complaint; advanced legal claims against Defendant Brett without reasonable cause; abused legal process; acted in bad faith; or sought to steal *Defendant's* website and alleged "trademark" for its own gains.[1]

Given said complete lack of factual support, Defendant Brett's "Counterclaims" clearly lack facial plausibility as required under *Iqbal* and *Twombly*, and should be dismissed.

---

[1] It should be noted that the United States Patent and Trademark Office ("USPTO") refused to register Defendant Brett's "trademark" on the grounds that there is a likelihood of confusion between Defendant's applied-for mark and several registered marks owned by Plaintiff LFP.

## B. Defendant Brett's "Affirmative Defenses" Should be Stricken

The Central District of California has held that the heightened pleading requirements of *Iqbal* and *Twombly* also apply to affirmative defenses. *See Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 441 (C.D. Cal. 2013).

Defendant Brett's "Affirmative Defenses" contain redundant, immaterial, and impertinent material. The presence of such material is a distraction to the Court and an improper usage of time and resources of all parties.

First, Defendant Brett's Affirmative Defenses "2" and "4" are solely a recitation of alleged facts concerning the history of the sport of pool and the identity of Defendant Brett, respectively. This material is entirely immaterial and impertinent to the claims advanced in Plaintiff's Complaint. Further, as said "Affirmative Defenses" are not labeled in any way, and appear to contain no references to any known legal theories, they should be stricken as they fail to provide "fair notice" of the nature and grounds of the "Affirmative Defenses."

Second, Defendant Brett's Affirmative Defenses "5" and "6" should also be stricken given the inclusion of page-length of legal citations, legal analysis, and legal arguments. Such material is "needless detail."

Additionally, an allegation that "demonstrates that plaintiff has not met its burden of proof" or that "points out a defect in the plaintiff's prima facie case" is "not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088

(9th Cir. 2002). An attack on a plaintiff's case-in-chief is not an affirmative defense." *Id.* Here, Defendant Brett's "Affirmative Defenses," specifically Affirmative Defenses "1" and "6" concern "no likelihood of confusion" of the parties' "marks." This is not an affirmative defense, but rather an attack on one of the elements of Plaintiff's causes of action for infringement and dilution, the likelihood of confusion. *See M2 Software, Inc. v Madacy Entertainment*, 421 F.3d 1073, 1080 (9th Cir. 2005) (the test of trademark infringement under state, federal, and common law is whether there will be a likelihood of confusion). Defendant Brett's contention that confusion is unlikely is not an "affirmative defense," but, rather, a refutation of an element of Plaintiff's claims.

Further, Affirmative Defense "3" should be stricken as, although the "fame" of the "Hustler" mark will be at issue in this matter, Defendant Brett includes in this "Affirmative Defense" material regarding the financial success, or alleged lack thereof, of the Hustler business and allegations of the harmful nature of the Hustler's internet sites, all of which is immaterial and impertinent to the issue of "fame." Also, like the issue of confusion, Defendant Brett's allegations regarding the "fame" of the Hustler mark is not an "affirmative defense," but, rather, a refutation of an element of Plaintiff's claims. *See Pinterest, Inc. v. Pinstrips, Inc.*, 140 F.Supp.3d 997, 1032-33 (to establish a dilution claim plaintiff must show the mark is a household name).

MOTION TO DISMISS AND STRIKE

Finally, Affirmative Defenses "1" and "6" are redundant and should be stricken as such. Defendant Brett makes redundant references to "confusion" of the marks, claiming that confusion will be present. For example, Affirmative Defense "1" states, "Applicant submits that there is unlikely to be confusion in the marketplace" and Affirmative Defense "6" states, "Applicant's AMERICAN HUSTLER and Design, which is distinguishable from the cited marks, should also be able to coexist peacefully in the marketplace without a likelihood of confusion."

Defendant Brett's inclusion of these "Affirmative Defenses" with no support violates pleading rules, delays this case and increases the costs of litigation.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant the instant motion to dismiss counterclaims and strike affirmative defenses pursuant to FRCP 12.

Dated: June 27, 2016

LAW OFFICES OF MARK S. HOFFMAN, A Professional Corp.

LIPSITZ GREEN SCIME CAMBRIA LLP

By: /s/ Jonathan W. Brown
    Jonathan W. Brown, Esq.
    Attorneys for Plaintiff LFP IP, LLC

# PROOF OF SERVICE

STATE OF NEW YORK, COUNTY OF ERIE

I, Amanda R. Russo, declare as follows: I am employed in the County of Erie, State of New York. I am over the age of 18 and not a party to the within action. My business address is 42 Delaware Avenue, Suite 120, Buffalo, NY 14202-3807.

On June 27, 2016, I served the foregoing document described as: **NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO FRCP 12(b)(6) AND STRIKE AFFIRMATIVE DEFENSES PURSUANT TO FRCP 12(f)** on all interested parties in this action (X) by placing ( ) the original (X) a true copy thereof enclosed in a sealed envelope addressed as follows (and/or) ( ) by facsimile transmission to:

Lee Keith Brett
17790 Coshocton Road
Mount Vernon, Ohio 43050

(X) **BY MAIL**
(X) I deposited such envelope, with postage thereon fully prepaid, in the mail at Buffalo, New York.
( ) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.
( ) **BY OVERNIGHT COURIER SERVICE** I caused such envelope to be delivered to a representative of the United Parcel Service overnight courier service, with instructions to deliver same to the persons set forth above at their addresses listed for service of legal papers on them, on the next business day.
( ) **BY TELECOPY** I caused such document to be telecopied to the addressee at the following telecopy number on:
( ) **STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
(X) **FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 27, 2016, at Buffalo, NY.

                                           /s/ Amanda R. Russo
                                            Amanda R. Russo