JONATHAN W. BROWN, ESQ. (State Bar No. 223901)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
Facsimile No.: (716) 849-1315
jbrown@lglaw.com

MARK S. HOFFMAN, ESQ. (State Bar No. 108400)
MARK S. HOFFMAN, A PROFESSIONAL CORPORATION
11845 W. Olympic Blvd., Suite 1000
Los Angeles, CA 90064
Tel. (424) 248-6633
Fax: (424) 248-6677
mark@markshoffmanlaw.com

Attorneys for Plaintiff LFP IP, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LFP IP, LLC,**<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**LEE KEITH BRETT**,<br><br>　　　　　Defendant. | Case No.: 2:16-cv-00166-FMO-RAO<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR RELIEF RE: FURTHER MEET AND CONFER AND/OR JOINT FILING REQUIREMENTS**<br><br>**Final Status Conference: July 7, 2017**<br><br>**First Day of Trial:  July 25, 2017** |

**PLAINTIFF'S EX PARTE APPLICATION**

1

**1. Defendant is Representing Himself, Without Counsel.[1]**

Plaintiff LFP IP, LLC ("Plaintiff") brings the instant *ex parte* application seeking to be excused from any further meet and confer requirements, or joint filing requirements with Defendant Lee K. Brett ("Defendant").

Defendant is representing himself in this action, in *pro per*, which has made the process extraordinarily difficult and problematic. Not only has it made the process time consuming, but Plaintiff's counsel has been subjected to various threats and personal attacks.

Simply put, when Plaintiff's counsel disagrees with something or Defendant does not understand something, Defendant Brett "goes on the offensive" and engages in harassing conduct.

**2. The Meet and Confer Process has Been Problematic.**

As set forth in the Supplemental Declaration filed in connection with the Summary Judgment Motion(s) (Docket No. 47-1), Defendant Brett previously engaged in troublesome conduct.[2] Such conduct included not only yelling on the

---

[1] Defendant Brett has been informed that Plaintiff's counsel will be filing this ex parte application, seeking relief from further meet and confer requirements and/or further joint filing requirements. Pursuant to a voicemail message left by Defendant Brett, Plaintiff's counsel understands that Defendant will oppose this application.

[2] For example, Defendant would yell and curse on the phone, especially if there was any type of disagreement over an issue. Defendant would make veiled threats

phone, but calls to non-lawyers in Plaintiff's counsel's office, and harassing emails.

### 3. Defendant's Inappropriate Conduct has escalated.

Unfortunately, Defendant's inappropriate conduct has escalated and has resulted in the Defendant engaging not only in "name calling" but making threats to bring a Rule 11 motion, in apparent hopes of gaining some type of advantage in the litigation or settlement discussions.[3]

Recently, on June 9, 2017 the day after an in person meeting with Plaintiff's trial counsel, Mark Hoffman, Defendant Brett called and stated that he was in the process of retaining counsel. Among other things, Defendant provided a specific name of an attorney at a specific law firm. (Please see the accompany Declaration of Mark S. Hoffman ("Hoffman Decl."), ¶ 3). Defendant also stated that he would be bringing an *ex parte* application to continue the trial dates on that Friday, or at the latest on Monday (June 12, 2017), if Plaintiff's counsel did not agree to the

---

in emails such as *"Keep watching the news, you will see your name and firm exposed."*

[3] The threatened Rule 11 motion appears to be based, at least in part, on a statement made in the Joint Motion for Summary Judgment, where Plaintiff asserted that Defendant did not plead his defense concerning his claim that the HUSTLER® mark is generic. While he did raise the argument during the meet and confer process, Defendant does not understand or appreciate the fact that he did not plead the defense. Defendant claims that Plaintiff's counsel was acting inappropriately when pointing out the fact that this defense was not pled.

continuance. Defendant stated that he would be filing the request/motion to continue the trial, whether Plaintiff agreed to or not. Hoffman Decl. ¶ 4.

Later that same day, Defendant then emailed a proposed revised schedule relating to pretrial deadlines and a new trial date, which appeared to have been prepared by an attorney. Plaintiff's counsel promptly responded on that Friday. See Hoffman Decl. ¶ 5. However, Defendant Brett did not respond to several follow up emails and did not provide a proposed stipulation on that day or on Monday, June 12.

Thereafter, Defendant did not inform Plaintiff's counsel that he was seeking to engage counsel and continue the trial dates, until June 14, 2017, a few days before the Pretrial Exhibit Stipulation and other pretrial documents were due. Hoffman Decl. ¶ 6.

After informing Defendant that Plaintiff would be objecting to Defendant's proposed motions in limine, Defendant became upset and sent various threatening emails to Plaintiff's counsel and legal staff. Plaintiff's counsel did not pick up the phone given Defendant's conduct and the baseless accusations, and decided to communicate only via email.

Among other things, Defendant Brett stated in one of his June 14, 2017 emails: *"I am not interested in your legal argument as a reply… you have not been*

*truthful in your summary judgment filings in regards to fame... I frankly am sick of dealing with you... I will be filing the motions in limine and I will be drafting up my complaints and informing the courts of your false, deceptive and misleading actions."* (Exhibit A to the Brown Decl.) [Redacted to eliminate statements concerning settlement discussions].

Further, in one of Defendant Brett's June 15, 2017 emails: *"You really are very immature... you are really are acting like a big baby... suck it up and move forward... either grow up and answer your phone or quit this case. If you can't handle it now, you ain't gonna handle it in the next few weeks when the media are at the court house for the flynt circus show*." (Exhibit B to the Brown Decl.)

Further, in recent emails Defendant also has threatened to bring settlement communications to the court's attention, in apparent hopes that somehow it will assist him in this litigation.

Last night, Defendant claimed that plaintiff's proposed jury instructions were part of "deceptive practices" he believes plaintiff's counsel is engaging in.

Unfortunately, this has been the theme of the meet and confer process: if Defendant does not understand an issue or if Plaintiff counsel disagrees with Defendant, Defendant Brett believes that he is being taken advantage of and then lashes out. Instead of simply objecting or responding with a proposal himself, Defendant claims that Plaintiff's counsel is lying to him or is engaged in some

other nefarious strategy. These types of tactics and accusations have made it impossible to work in a constructive fashion.

**4. Relief Requested:**

Given the above conduct, it has made it impossible to have a constructive dialogue concerning jury instructions or any of the other items that are normally sorted through amongst counsel. Given that Defendant Brett has resorted to this type of conduct, Plaintiff's counsel seeks to be excused from engaging in additional meet and confer activities and/or additional joint filing requirements.

Without the assistance of the Court, which may include a magistrate Judge's assistance to help sort through the various issues, Plaintiff's counsel is concerned that a trial that should only last three (3) days, could be doubled or tripled given Defendant's actions and the inability to reach common grounds on things like exhibits and jury instructions.

Dated: June 20, 2017

MARK S. HOFFMAN, A
PROFESSIONAL CORPORATION

LIPSITZ GREEN SCIME CAMBRIA LLP

By: /s/       Jonathan W. Brown
Jonathan W. Brown, Esq.
Attorneys for Plaintiff LFP IP, LLC