UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0166 FMO (RAOx) | Date | March 23, 2018 |
|---|---|---|---|
| Title | LFP IP, LLC v. Lee Keith Brett | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**     (In Chambers) Order Re: Cross-Motions for Summary Judgment

    Having reviewed and considered all the briefing filed with respect to the parties' Joint Brief re: Summary Judgment Motions (Dkt. 38, "Joint Brief"), the court finds that oral argument is not necessary to resolve the motions, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

    On January 8, 2016, plaintiff LFP IP, LLC ("LFP" or "plaintifff") filed its Complaint, asserting claims for: (1) trademark infringement, 15 U.S.C. § 1114, et seq.; (2) unfair competition - false designation of origin, 15 U.S.C. § 1125(a); (3) trademark dilution, 15 U.S.C. § 1125(c); and (4) violation of the Anticybersquatting Consumer Protection Act,15 U.S.C. § 1125(d)(1)(A). (See Dkt. 1, Complaint at ¶¶ 22-47).  Defendant Lee Keith Brett ("Brett" or "defendant") answered the Complaint, and later filed an amended answer on August 3, 2016.  (See Dkt. 17, Answer; Dkt. 23, "Amended Answer").  In the Amended Answer, Brett asserted two counterclaims, (see Dkt. 23, Amended Answer at ECF 153), which the parties later stipulated to dismiss.  (See Dkt. 30, Stipulation for Dismissal of Counterclaims Asserted by Defendant Lee Keith Brett at 2).

    Plaintiff seeks summary judgment on its claims for trademark infringement, unfair competition, and violation of the Anticybersquatting Consumer Protection Act.  (See Dkt. 37, Notice of Joint Motions for Summary Judgment at 2).  Plaintiff contests defendant's alleged use of its word marks, not its logo.  (See, generally, id.).  Defendant seeks summary judgment on his contentions that (1) "LFP's HUSTLER ® marks are NOT famous and widely recognized by the general consuming public of the United States" and (2) "Plaintiff's HUSTLER ® marks are NOT well-known by the general consuming public of the United States."  (See id.).  Defendant also seeks a "[m]otion to dismiss on his contention that 'Hustler is a generic word.'"  (See id.).

    In determining whether a triable issue of material fact exists, the evidence must be considered in the light most favorable to the nonmoving party.  See Barlow v. Ground, 943 F.2d 1132, 1134 (9th Cir. 1991), cert. denied 505 U.S. 1206 (1992).  Here, with respect to plaintiff's claims, taking the evidence in the light most favorable to defendant, there are genuine issues of material fact as to the likelihood of confusion factors, including the strength of the marks, the similarity of the marks, and whether there has been actual confusion.  See Network Automation,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0166 FMO (RAOx) | Date | **March 23, 2018** |
|---|---|---|---|
| Title | **LFP IP, LLC v. Lee Keith Brett** | | |

Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1145 (9th Cir. 2011) (citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979)).  There are issues of fact as to whether defendant's website and merchandise, which use the mark at issue in varying ways and to different degrees, (compare, e.g., Dkt. 39-3, Declaration of Tina Ryoo ("Ryoo Decl.") at ¶¶ 4-5 & Dkt. 39-12, Joint Appendix at Exhibit H (plaintiff's graphic designs and styles), with Ryoo Decl. at ¶ 8 & 39-21, Joint Appendix at Exhibit Q (defendant's website), with Ryoo Decl. at ¶ 11 (defendant's graphics incorporate gaming and poker), with Dkt. 42, Declaration of Lee Keith Brett ("Brett Decl.") at ¶¶ 6-7 (hustler associated with pool/billiard industries), with id. at ¶ 13 (hustling involves "luring someone of probably lesser skill into gambling")), are likely to cause consumer confusion.  It is up to a jury to determine, for example, whether defendant's shirts bearing the terms "American Hustler," "American Hustle," and images of a red star, eagle, outline of a spade, and other imagery, (see Dkt. 39-21, Joint Appendix at Exhibit Q), are sufficiently similar to plaintiff's merchandise bearing the word "HUSTLER", (see, e.g., Dkt. 39-12, Joint Appendix at Exhibit H; Dkt. 39-3, Ryoo Decl. at ¶ 11), to constitute infringement of plaintiff's marks.  Because likelihood of confusion "is based on a non-exhaustive, multi-factor, fact-intensive inquiry, [the Ninth Circuit has] cautioned against granting summary judgment in these cases." JL Beverage Co., LLC v. Jim Beam Brands Co., 828 F.3d 1098, 1105 (9th Cir. 2016); see Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1210 (9th Cir. 2012) ("Given the open-ended nature of this multi-prong inquiry, it is not surprising that summary judgment on 'likelihood of confusion' grounds is generally disfavored."); Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc., 457 F.3d 1062, 1075 (9th Cir. 2006), cert. denied, 549 U.S. 1282 (2007) ("Because the likelihood of confusion is often a fact-intensive inquiry, courts are generally reluctant to decide this issue at the summary judgment stage.").

With respect to the Anticybersquatting Consumer Protection Act claim, there are issues of fact as to whether defendant's domain name, www.americanhustlerclothing.com, is "identical or confusingly similar to a protected mark owned by the plaintiff" and whether defendant acted "with bad faith intent to profit from that mark."  See DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1218-19 (9th Cir. 2010) (internal quotation marks omitted).  The factual dispute is readily apparent when one considers that defendant has put forth evidence that he associates the hustler term with professional pool and the reason for using the years 1971 and 1974 is tied to his own birth year and that of his ex-girlfriend. (Compare Dkt. 38, Joint Brief at 8-9; Dkt. 39, Joint Statement of Uncontroverted Facts at P37-40; Dkt. 39-3, Ryoo Decl. at ¶ 10, with Dkt. 38, Joint Brief at 23 n. 6 ("The defendant was born in 1974, the defendants ex girlfriend Reni Rose was born in 1971 . . . [That is t]he reason why some designs have 1974 or 1971 on them."); see Dkt. 39, Joint Statement of Uncontroverted Facts at D48; Dkt. 42, Brett Decl. at ¶¶ 6-7, 13).

As to defendant's cross-motion, (see Dkt. 38, Joint Brief at 36-41), there is also an issue of fact as to whether the Hustler marks are well-known and generic.  "[A] plaintiff alleging infringement of a federally-registered mark is entitled to a presumption that the mark is not generic." Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 928 (9th Cir. 2005).  Here, there is a genuine issue of material fact as to the famousness and genericness of the term "hustler," as the parties dispute whether consumers understand the word to refer only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-0166 FMO (RAOx)** | Date | **March 23, 2018** |
|---|---|---|---|
| Title | **LFP IP, LLC v. Lee Keith Brett** | | |

to plaintiff's goods or whether the consumer understands the word to refer to the all such goods, irrespective of the supplier, as well as the extent of actual recognition of the mark.  See id. at 929 ("The term 'yellow cab' was not originally coined by Yellow Cab of Sacramento, nor was the concept of the taxi cab."); 15 U.S.C. § 1125(c)(2)(A) (setting out four factors the court may consider to determine the degree of fame a mark retains: (I) the "duration, extent, and geographic reach of advertising and publicity[;]" (ii) the "amount, volume, and geographic extent of sales[;]" (iii) the "extent of actual recognition of the mark[;]" and (iv) "[w]hether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register"); (compare Dkt. 38, Joint Brief at 37-43, with id. at 44-45).  Under the circumstances, a jury could find that the term Hustler is well-known and not generic.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT the parties' cross-motions for summary judgment **(Document No. 37)** are **denied**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |