JONATHAN W. BROWN, ESQ. (State Bar No. 223901)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
Facsimile No.: (716) 849-1315
jbrown@lglaw.com

MARK S. HOFFMAN, ESQ. (State Bar No. 108400)
MARK S. HOFFMAN, A PROFESSIONAL CORPORATION
11845 W. Olympic Blvd., Suite 1000
Los Angeles, CA 90064
Tel. (424) 248-6633
Fax: (424) 248-6677
mark@markshoffmanlaw.com

Attorneys for Plaintiff LFP IP, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LFP IP, LLC,** | Case No.: 2:16-cv-00166-FMO-RAO |
| Plaintiff, | The Hon. Fernando M. Olguin |
| vs. | **MEMORANDUM OF CONTENTIONS OF FACT AND LAW SUBMITTED BY PLAINTIFF LFP IP, LLC** |
| **LEE KEITH BRETT**, | |
| Defendant. | Final Status Conference: June 22, 2018 |
| | First Day of Trial: July 10, 2018 |

**MEMORANDUM OF CONTENTIONS OF FACT OF LAW**

1

Plaintiff LFP IP, LLC ("Plaintiff") respectfully submits the following Memorandum of Contentions of Fact and Law pursuant to Local Rule 16-4:

## 1. CLAIMS AND DEFENSES – LR 16-4.1

### 16-4.1(a): Claims Plaintiff Has Pleaded and Plan to Pursue

**Claim 1:** Defendant infringed Plaintiff's Registered Trademark(s) by promoting, advertising, preparing to distribute and/or selling "American Hustler" branded clothing items (15 U.S.C. § 1114(a)).

**Claim 2:** Defendant engaged in False Designation of Origin under the Lanham Act by falsely implying that Plaintiff endorsed, sponsored or authorized the "American Hustler" clothing items created, promoted and sold by Defendant (15 U.S.C. § 1125(a)).

### 16-4.1(b): Elements Required to Establish Plaintiff's Claims

**Claim 1: Infringement of Plaintiff's Registered Trademark**

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods.

In this case, the Plaintiff contends that the Defendant has infringed the Plaintiff's trademark(s).  The Plaintiff has the burden of proving by a preponderance of the evidence that:

(1) HUSTLER® and/or HUSTLER HOLLYWOOD® are valid, protectable trademarks;

(2) The Plaintiff owns the HUSTLER® and/or HUSTLER HOLLYWOOD® trademarks; and

(3) The Defendant used the "American Hustler" mark on his goods, without the consent of the Plaintiff, in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

AUTHORITY: *Ninth Circuit Manual of Model Jury Instructions*, §15.1[modified] and §15.5 [modified].


**Claim 2:    Federal Unfair Competition / False Designation of Origin**

The Plaintiff has the burden of proving by a preponderance of the evidence that:

(a)  The HUSTLER® and/or HUSTLER HOLLYWOOD® trademarks are valid, protectable marks;

(b)  Plaintiff owns the claimed trademarks;

(c) Defendant used a mark, without the consent of Plaintiff, in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation or approval of the goods.

AUTHORITY: 15 U.S.C. §1125 (a)

**16-4.1(c):   A Brief Description of The Key Evidence In Support of Plaintiff's Claims**

1. Plaintiff's Federal Trademark and Service Mark Registrations (Plaintiff owns various HUSTLER® trademark registrations for various goods and services, including but not limited to an incontestable registration for apparel items, including shirts. Plaintiff also owns the HUSTLER HOLLYWOOD® service mark for a chain of retail stores that feature various items for sale, including but not limited to HUSTLER® branded t-shirts and HUSTLER® branded merchandise).

2. Examples of Plaintiff LFP's T-Shirts (various designs that Plaintiff has sold over the years, some that feature American themes and the slogan "Hardcore Since '74").

3.      Defendant's T-Shirt Designs (among other things, Defendant's t-shirt designs that feature "Hustler" prominently, and designs that feature the year 1974).

4.      Defendant's website that features various "American Hustler" t-shirt designs.

### 16-4.1(h):    Identification of Any Evidentiary Issues

Plaintiff perceives the following evidentiary issues at this time:

Defendant Brett's counsel just appeared in this action, on June 6, 2018. Previously Defendant Brett represented himself, in *pro per*. Accordingly, because counsel has not had any opportunity to discuss the evidence and exhibits, it is unknown what evidentiary issues might be in dispute at this time.

### 16-4.1(i):    Issues of Law Germane to the Case

Under 15 U.S.C. § 1115(b), Plaintiff's incontestable registrations provide conclusive evidence of ownership, validity, and the exclusive right to use of the HUSTLER® mark.

**A.  The Strength of the HUSTLER® Mark Favors Plaintiff.**  The scope of trademark protection depends upon the strength of the mark, with stronger marks receiving greater protection than weaker marks.  *See Miss World (UK) Ltd. v. Mrs. America Pageants, Inc.*, 856 F.2d 1445, 1448 (9th Cir.1988).  Here, the incontestable HUSTLER® mark, used in connection with clothing, is deemed to be a strong mark because it is arbitrary or fanciful.

**B.  The Marks are Identical, Save for the Addition of a Descriptive Term[1].**  The greater the similarity between the two marks at issue, the greater the likelihood of confusion.  Similarities in terms of appearance, sound, and meaning should be considered, *see, e.g., Dreamwerks,* 142 F.3d at 1131; and similarities should be weighed more heavily than differences, see *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385 at 1392 (1993).

---

[1] "A 'geographically descriptive term' is any noun or adjective that designates geographical location and would tend to be regarded by buyers as descriptive of the geographic location of origin of the goods or services."  *McCarthy on Trademarks and Unfair Competition* § 14:2 (4th ed.)

**C. The Products are Identical.** "In light of the virtual identity of marks, if they were used with identical products or services likelihood of confusion would follow as a matter of course." *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1056 (9th Cir. 1999) [citations omitted]. The products at issue here, t-shirts, are identical and the marks are identical save for the addition of "American" (a term that was disclaimed by Brett before the USPTO)[2].

**D. Brett's Intent in Selecting the Mark and Creating Infringing Goods.** Where an alleged infringer chooses a mark he knows to be similar to another, one can infer an intent to confuse. *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1148 (9th Cir. 2002). Here, Defendant also used various other indicia in his t-shirt designs that demonstrate an intent to confuse. For example, using the year "1974"; featuring HUSTLER prominently on his t-shirts; and using terms such as "original."

---

[2] A disclaimer is a statement indicating that the applicant does not claim exclusive rights to the unregistrable portion of the mark. Here, Defendant disclaimed the word "American" as it was an unregistrable component of the purported "American Hustler" mark.

**E.     Overlap of Marketing Channels.** Further, in addition to the relatedness of the products, both parties use the Internet for marketing, advertising and selling the t-shirts, "a factor that courts have consistently recognized as exacerbating the likelihood of confusion." *Brookfield* at 1057. In the case of a defendant's marketing its subject goods on the Internet, the three most important *Sleekcraft* factors in evaluating the likelihood of confusion are: (1) the similarity of the marks; (2) the relatedness of the goods and services; and (3) the parties' simultaneous use of the web as a marketing channel. *Perfumebay.com, Inc. v. eBay, Inc.*, 506 F.3d 1165, 1173 (9th Cir. 2007); *see also Internet Specialties West, Inc. v. Milon-DiGriorgio Enterprises, Inc.* 559 F.3d 985, 990 (9th Cir. 2009). Here, Plaintiff contends that: (i) the marks are confusingly similar and/or Defendant used the distinctive HUSTLER® mark; (ii) the goods are identical; and (iii) both parties used the Internet as a marketing channel to both promote and sell their t-shirts.

**2.    BIFURCATION OF ISSUES – LR 16-4.3**

None.

**3.    JURY TRIAL – LR 16-4.4**

Plaintiff requests a jury.

### 4. ATTORNEYS' FEES – LR 16-4.5

Plaintiff seeks to recover its costs and attorneys' fees under 15 U.S.C. §1117.

### 5. ABANDONMENT OF ISSUES – LR 16-4.6

Plaintiff will not be proceeding with the claim of Federal trademark dilution. Plaintiff previously agreed to dismiss this claim on January 4, 2017, but Defendant would not sign a stipulation for dismissal. In addition, Plaintiff will not be proceeding with its claim under the Anticybersquatting Consumer Protection Act (ACPA).

Dated: June 8, 2018

MARK S. HOFFMAN, A
PROFESSIONAL CORPORATION

LIPSITZ GREEN SCIME CAMBRIA LLP

By: /s/ Jonathan W. Brown
Jonathan W. Brown, Esq.
Attorneys for Plaintiff LFP IP, LLC