1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  LFP IP, LLC,                    )    Case No. CV 16-166 FFM

12                   Plaintiff,     )    CIVIL TRIAL ORDER
                                    )
13              v.                   )
                                    )
14  LEE KEITH BRETT,                )
                                    )
15                   Defendant.      )
                                    )
16  _____)

17          This matter is set for trial before the Honorable Frederick F. Mumm, in

18  Courtroom 580 (5th Floor), Edward R. Roybal Federal Building, 255 East Temple

19  Street, Los Angeles, California on **October 2, 2018.**  The courtroom deputy clerk

20  ("CRD"), Mr. James Munoz, can be reached at (213) 894-1831.  The Court expects

21  full compliance with the Federal Rules of Civil Procedure, the Local Rules for the

22  Central District of California ("the Local Rules"), and any orders in this case.

23  Ambiguities, if any, will be construed to secure the just, speedy, and inexpensive

24  determination of each action.  The Court's procedures and requirements for civil

25  trials are set forth below:

26  / / /

27  / / /

28  / / /

# I.  PRE-TRIAL CONFERENCE FILINGS

A.     <u>General Provisions</u>.

The pre-trial conference ("PTC") will be held at **2:00 p.m.** on **September 12, 2018** in Courtroom 580.

Each party's lead trial attorney shall attend both the PTC and all meetings of the parties in preparation of the PTC, unless excused for good cause shown in advance of the PTC.

At the PTC, the parties should be prepared to discuss means of streamlining the trial including, but not limited to, presentation of foundational and non-critical testimony and direct testimony by deposition excerpts or stipulations.

B.     <u>Pre-trial Conference Order</u>.

Plaintiff must lodge a final pretrial conference order ("PTCO"), signed by all counsel as required by Local Rule 16-7, on or before **August 29, 2018.**  The form of the proposed final PTCO shall comply with Appendix A to the Local Rules.

C.     <u>Local Rule 16 Filings, Memoranda, Witness Lists, Exhibit Lists</u>.

To the extent they have not done so already, the parties' lead trial counsel must meet and confer in compliance with Local Rule 16-2, and in particular Local Rule 16-2.7,  on or before **August 3, 2018.**  The Court notes that plaintiff has filed its memorandum of contentions of fact and law, exhibit list, and witness list (Docket Nos. 71, 70, 69), and defendant has filed its memorandum of contentions of fact and law and witness list (Docket Nos. 52-53.)  Should they choose to do so, the parties may file <u>amended</u> witness lists and  memoranda of contentions of fact and law on or before **August 22, 2018.**  The parties shall file a <u>joint</u> list of exhibits in compliance with Local Rule 16-6.1 on or before **August 22, 2018.**

D.     <u>Jury Instructions, Verdict Forms, Special Interrogatories</u>.

1.     The Court assumes that the parties already have exchanged proposed jury instructions, verdict forms, special interrogatories and written objections, if any, to the proposed jury instructions, verdicts, and special interrogatories.  To the extent

they have not already done so, the parties shall confer with the objective of submitting one set of agreed upon substantive instructions, verdict forms and, if necessary, special interrogatories.  "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case.  The Court will appreciate the parties delivering to the CRD a courtesy copy of these filings in an electronic format compatible with Word or WordPerfect at the time the documents are filed.

2.     If the parties cannot agree upon one complete set of substantive instructions, verdict forms, and/or special interrogatories, they shall file two documents with the Court:  a joint document reflecting the agreed upon instructions, verdict forms, and/or special interrogatories, and a second document in the form of a joint statement regarding the disputed instructions, verdicts, and interrogatories in the following format for each instruction, verdict, or interrogatory in issue:

(a)     A separate page containing the text of the disputed language with an identification of the party proposing it;

(b)     Following the instruction, the opposing party's statement of objections to the instruction along with legal authority in support of the argument (not to exceed one page) and proposed alternative language where appropriate;

(c)     The proposing party's response to the objection with legal authority supporting the proposed language (not to exceed one page).

The agreed-upon set of jury instructions, the joint statement re disputed instructions, the verdict forms, and (if necessary) the special interrogatories shall be filed on or before **August 22, 2018**.

3.     All proposed jury instructions shall be in the format specified by Local Rule 51-2.

4.     A table of contents shall be included with all jury instructions submitted to the Court.  The table of contents shall set forth the following:

1       (a)    The number of the instruction;

2       (b)    A brief title of the instruction;

3       (c)    The source of the instruction; and

4       (d)    The page number of the instruction.

5   For example:

6   

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Burden of Proof | 9th Cir. 12.2 | 5 |

8       5.    The Court directs counsel to use the instructions from the Manual of Model Jury Instructions for the Ninth Circuit (West 2007) where applicable.  Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use the Judicial Council of California Civil Jury Instructions ("CACI") forms.  If neither of these sources is applicable, counsel are directed to use the instructions in Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions.

15       6.    Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

18   E.    <u>Joint Statement of the Case and Requests for Voir Dire</u>.

19   At the PTC, the parties shall lodge their proposed voir dire questions and their joint statement of the case which the Court shall read to all prospective jurors prior to the commencement of voir dire.  The statement should be not longer than two or three paragraphs.

23   The Court conducts voir dire of all prospective jurors.  The parties need not submit requests for standard voir dire questions, such as education, current occupation, marital status, prior jury service, *etc.*, but should include only proposed questions specifically tailored to the parties and issues of the case.

27   / / /

28   / / /

4

## II.  THE COMMENCEMENT OF THE TRIAL

(a)     Counsel shall arrive in the courtroom at 8:30 a.m. on the first day of trial for the purpose of handling logistical and administrative matters pertaining to the trial, including the submission of exhibits as discussed below.

(b)     Counsel shall present the CRD with the following documents on the first day of trial:

(I)     All of the original exhibits, with official exhibit tags attached in the lower or upper right hand corner of the first page of each exhibit and bearing the same number shown on the exhibit list.  Counsel shall assemble their exhibits by placing them in a slant D-ring binder with each exhibit separated by a tab divider on the right side.  These exhibits shall be numbered in accordance with the Local Rules. Each binder shall contain a Table of Contents and shall include a label on the spine of the binder identifying its contents.  All exhibits contained in the binders must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.

(ii)     Two bench books with a copy of each exhibit for the Court's use, tabbed and formatted as described above.

(iii)     In addition to the exhibit binders, counsel and plaintiff shall bring to the first day of trial three copies of their exhibit list, three copies of their final witness list in the order in which the witnesses will be called to testify, and three copies of the Final Joint Trial Witness Estimate Form.

(c)     If counsel or a *pro se* party needs to arrange for the installation of his own additional equipment, such as video monitors, overhead projectors, etc., counsel or such party shall notify the CRD, in writing, two weeks BEFORE trial so that the necessary arrangements can be made.

(d)     After the initial day of trial, jury trials are conducted Monday through Friday from 9:00 a.m. to 5:00 p.m., with a lunch break and two fifteen minute breaks.

/ / /

On the first day of trial, the Court will commence at 8:30 a.m. and conclude at 5:00 p.m. with a standard lunch break.

(e)     Before trial commences, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues.  On the first day of trial, this will include a final discussion of voir dire questions and the content of the joint statement of the case.  During the trial, if there are any matters counsel wish to discuss, counsel shall inform the CRD.

### III.  WITNESSES

(a)     The parties shall exchange final witness lists in the order in which the witnesses will be called to testify, together with a Final Joint Trial Witness Estimate Form, on or before **September 25, 2018**.  Courtesy copies of the final witness lists and Final Joint Trial Witness Estimate Form shall be provided to the Court at the same time.

(b)     For each designation of deposition testimony previously made pursuant to the Local Rules, lead trial counsel for the parties shall meet and confer and prepare a separate joint document entitled "[Plaintiff's or Defendant's] Notice of Designated Deposition Testimony of [Witness Name]" for each witness whose testimony will be offered by deposition.  The joint document shall quote only those questions and answers of the witness that the parties intend to offer at trial.  The joint document shall be in a three-column format.  The column on the left shall contain the following: (1) the identity of the party offering the testimony and shall quote the specific questions and answers offered by the party in normal font; (2) the opposing party's counter-designations (specifically quoting those questions and answers offered by the opposing party) in *italic font*; and (3) the citations to the page and line number(s) of the deposition transcript.  The middle column shall contain only those objections which were previously made in accordance with the Local Rules.  The column on the right shall contain a response to the objections.  Accordingly, the only new material the parties are permitted to add to their previous designations are the

6

responses to the objections.  Any objections made in the marked transcript and not included in the joint document shall be deemed to have been waived by the objecting party.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPOSING PARTY'S DEPOSITION DESIGNATIONS. THESE WILL BE DISREGARDED AND OVERRULED.**

The joint document re: deposition testimony shall be substantially in the following form:

| Plaintiff's Designations | Objections | Response to Objections |
|---|---|---|

4:1-3
Q. Could you please state your name for the record?
A. John Doe.

10:3-5
Q. Did your car enter the intersection after the light turned red?
A. Yes
*10:5-7 [Counter-designation]*
*Q. So you ran the red light?*
*A. No I did not.  My car entered the intersection when it was hit by the car behind me*.

The parties shall file the joint document re: deposition testimony on or before **September 24, 2018**.  Courtesy copies of the joint documents re: deposition testimony shall be provided to the Court at the same time.

(c)      Each party must give advance notice to the Court and the other parties, before jury selection, of the identity of all witnesses whose testimony (by declaration, by deposition, or by oral testimony at trial) it may offer during trial.  At least **two court days** before it seeks to use the testimony of any witness, or on shorter notice for good cause shown, each party must advise the Court and all other parties of its intent to use the testimony of the witness on the specified day and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness).  Within **24 hours** of such notice, all other counsel shall provide a list of all exhibits to be used with the same witness on cross-examination other than for

1 impeachment.  All such notice should be provided in writing.  As each witness takes
2 the stand, the witness shall be given a binder of the exhibits that will be used during
3 the direct and cross examination.  The Court shall be given a similar binder which
4 shall also include a list of the particular exhibits.

5       (d)    For each expert witness whose testimony counsel intends to offer during
6 trial, counsel shall, on or before **September 24, 2018**, provide the Court with (but
7 shall not file) a copy, which shall be marked "COURTESY COPY," of the expert's
8 curriculum vitae, report, deposition transcript (single-sided, condensed transcript
9 including the key word index), and an offer of proof containing the opinion or
10 opinions which counsel expects to elicit from the expert. When an expert witness is
11 called to the stand, counsel will read to such expert all of his or her qualifications and
12 inquire as to whether those qualifications are correct.  If correct, the next question
13 will relate to the merits of the case.

14 **IV.  FINAL PRE-TRIAL EXHIBIT STIPULATION**

15       Lead trial counsel for the parties shall prepare a Final Pre-Trial Exhibit
16 Stipulation which shall contain each party's numbered list of all trial exhibits, with
17 objections, if any, to each exhibit including the basis of the objection and the
18 offering party's response.  All exhibits to which there is no objection shall be deemed
19 admitted.  The parties shall also identify each witness they anticipate will testify
20 about and/or lay the foundation for the exhibit.  All parties shall stipulate to the
21 authenticity of exhibits whenever possible, and the Final Pre-Trial Exhibit
22 Stipulation shall identify any exhibits for which authenticity has not been stipulated
23 to and the specific reasons for the party's failure to stipulate.

24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

8

The Final Pre-Trial Exhibit Stipulation shall be substantially in the following form:

Final Pre-Trial Exhibit Stipulation

<u>Plaintiff(s)' Exhibits</u>

<u>Number</u>  <u>Description</u>  <u>Witness</u>  <u>If Objection, State Grounds</u>  <u>Response to Objection</u>

<u>Defendant(s)' Exhibits</u>

<u>Number</u>  <u>Description</u>  <u>Witness</u>  <u>If Objection, State Grounds</u>  <u>Response to Objection</u>

The Final Pre-Trial Exhibit Stipulation shall be filed on or before **September 25, 2018**.  Courtesy copies of the Final Pre-Trial Exhibit Stipulation shall be provided to the Court at the same time.  Failure to comply with this section shall constitute a waiver of all objections.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPOSING PARTY'S EXHIBITS.  THESE WILL BE DISREGARDED AND OVERRULED.**

**V.  PROPOSED JURY INSTRUCTIONS DURING TRIAL**

On or before **September 25, 2018**, counsel shall file a joint document, entitled "Proposed Jury Instructions During Trial," that includes any jury instructions that counsel will request the Court to give <u>during</u> the course of the trial.  Counsel shall prepare the Proposed Jury Instructions During Trial in accordance with the instructions above.  Courtesy copies shall be provided to the Court seven calendar days before trial.  **Failure to comply with this section shall constitute a waiver of the right to request instructions during trial or the right to object to any instructions the Court may give during trial.**

**VI.  VOIR DIRE AND JURY SELECTION**

(a)     The Court will conduct voir dire after conferring with counsel regarding potential areas of questioning.  A portion of the voir dire may be based on written questions given to the jurors when they arrive at Court.

/ / /

9

(b)     In most cases, the Court will conduct its initial voir dire of fourteen prospective jurors who will be seated in the jury box.  Normally the Court selects a jury of eight.

(c)     Except in an unusual case, each side will have three peremptory challenges.  Therefore, if fourteen jurors are in the box and all six peremptories are exercised, the remaining eight jurors will constitute the jury panel.  If fewer than six peremptories are exercised, the eight low-numbered jurors (by seat number in the jury box) will constitute the jury panel.

## VII.  INSTRUCTIONS GOVERNING PROCEDURE DURING TRIAL

(a)     Counsel are expected to cooperate with each other during trial to ensure the efficient and expeditious use of Court and juror time.

(b)     Counsel shall not refer to their clients or any witness over fourteen years of age by their first names during trial.

(c)     Do not discuss the law or argue the case in opening statements.  In general, charts, diagrams, and exhibits may be shown to the jury in opening statements provided opposing counsel is shown what is to be used in time to make objections on non-jury time.  In general, where the admissibility of an exhibit is in substantial doubt, that exhibit should not be used in opening statements.

(d)     Do not use objections for purposes of making a speech, recapitulating testimony, or attempting to guide the witness.  When objecting, state only that you are objecting and the specific legal ground of the objection (*e.g.*, hearsay, irrelevant, etc.).  Only rarely will the Court permit side-bar conferences about evidentiary issues during a jury trial.  Most unusual or complex evidentiary issues can be foreseen and disposed of in advance; those that cannot ordinarily will be disposed of at the next recess, with the witness retained until the issue is resolved.

(e)     In multi-party cases, counsel are expected to coordinate their cross-examination.  The Court will not permit each party's counsel to repeat previous cross-examination questions.

(f)     Counsel shall stand at or near the lectern to ask any questions, straying only to point out material on charts or overheads.  Do not approach the CRD or the witness box without the Court's permission.  Please return to the lectern when your purpose has been accomplished.  Do not enter the well of the Court without the Court's permission.

(g)     Please rise when addressing the Court, and when the jury enters or leaves the courtroom.

(h)     Address all remarks to the Court.  Do not directly address the CRD, the reporter, or opposing counsel.  If you wish to speak with opposing counsel, ask permission to talk to counsel off the record.  All requests to have an exhibit placed in front of a witness shall be addressed to the Court.

(i)     Although the Court encourages the parties to stipulate to facts that are not reasonably in dispute, do not offer a stipulation unless you have previously conferred with opposing counsel and reached an agreement.

(j)     Please do not wait to move exhibits into evidence until the end of counsel's case.  Move their admission when counsel believes that the foundation for admission has been established.  Refer to exhibits by their exhibit number, as well as by any other applicable description.

(k)     All depositions to be used in the trial, either as evidence or for impeachment, must be signed and lodged with the CRD on the first day of trial or such earlier date as the Court may order.

(l)     Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions, extracted from one or more lengthy documents, counsel shall prepare a new document listing each question and answer and identifying the document from which it was extracted.  Copies of this new document should be given to the Court and opposing counsel.

(m)     While Court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

(n)     When a party has more than one lawyer, only one may conduct the examination of a given witness and only that lawyer may handle objections during the testimony of that witness.

(o)     If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when Court resumes.

(p)     Do not run out of witnesses.  If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

(q)     Counsel shall not state in summation, "I am reading from the reporter's transcript."  Counsel shall not suggest to the jury that they may request re-reading of testimony.

(r)     Counsel are advised to be on time as the Court starts promptly.

### VIII.  POST-TRIAL EXHIBIT LIST

At or before the conclusion of the evidence, counsel for each party shall submit to the CRD a hard copy and an electronic version of a "clean" list of only those exhibits offered by such party that have been admitted into evidence.  Such lists shall be in a form suitable for submission to the jury and shall set forth the following information with respect to each exhibit to the extent applicable:  (a) Exhibit Number; (b) Date; and (c) a brief description of the exhibit that will enable the jurors to identify it but which does not characterize the exhibit or its contents (*e.g.*, letter from A to B; photograph of 100 Main Street).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1       Counsel shall review and approve the exhibit list and all exhibits with the

2   CRD before they are delivered to the jury for deliberations.  Failure to advise the

3   Court of any objections to the exhibit list or the exhibits prior to the time they are

4   delivered to the jury will constitute a waiver of those objections.

5       IT IS SO ORDERED.

6

7   DATED: June 26, 2018

8

9                              /S/ FREDERICK F. MUMM

10                              FREDERICK F. MUMM
                            United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JOINT TRIAL WITNESS ESTIMATE FORM

CASE: _____          TRIAL DATE: _____

|  | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
|  | TOTAL ESTIMATES THIS PAGE: | | | | |

Instructions:
(1) List witnesses (last name, first) and state if witness will testify in person or by deposition; (2) For description, be extremely brief;  (3)  Note special factors in "Comments" column,  e.g., "Needs interpreter;"  (4) Entries may be in handwriting if very neat and legible.