JONATHAN W. BROWN, ESQ. (State Bar No. 223901)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
Facsimile No.: (716) 849-1315
jbrown@lglaw.com

MARK S. HOFFMAN, ESQ. (State Bar No. 108400)
MARK S. HOFFMAN, A PROFESSIONAL CORPORATION
11845 W. Olympic Blvd., Suite 1000
Los Angeles, CA 90064
Tel. (424) 248-6633
Fax: (424) 248-6677
mark@markshoffmanlaw.com

Attorneys for Plaintiff LFP IP, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LFP IP, LLC,** | Case No.: cv 16-166 FFM |
| Plaintiff, | The Hon. Frederick F. Mumm |
| vs. | **[Proposed] FINAL PRETRIAL CONFERENCE ORDER** |
| **LEE KEITH BRETT**, | |
| | **Final Status Conference: September 13, 2018** |
| Defendant. | |
| | **First Day of Trial: October 2, 2018** |

**FINAL PRETRIAL CONFERENCE ORDER**

1

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS ORDERED:

1. The parties are: Plaintiff LFP IP, LLC ("Plaintiff"), and Defendant Lee Keith Brett ("Defendant").

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

The Complaint filed by Plaintiff on January 8, 2016 (Doc. 1);

and

the Answer filed by Defendant on August 3, 2016 (Doc. 23)

2. Federal jurisdiction and venue are invoked upon the grounds: Plaintiff seeks injunctive relief under 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), and this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331; 1332; 1338 and 1367; 15 U.S.C. § 1125(a); and 15 U.S.C. § 1121. Venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

3. The trial is estimated to take 2 trial days.

4. The trial is to be a non-jury trial.

At least seven (7) days prior to the trial date the parties shall file and serve by e-mail, fax or personal delivery the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial required by L.R. 52-1.

5. The following facts are admitted and require no proof:

(1) Plaintiff LFP IP, LLC ("Plaintiff") is a Delaware limited liability company authorized to do business in the State of California.

(2) Plaintiff is the owner of a HUSTLER trademark that was registered on February 25, 2003 for "clothing, namely, beach wear, blouses, coats, coveralls, dresses, head wear, jackets, jeans, jogging suits, jumpers, leg warmers, leggings, lingerie, lounge wear, neckwear, pants, scarves, shirts, ski wear, slacks, sleep wear, tank tops, socks, vests" in International Class 25 (U.S. Reg. No. 2689852).

(3) Plaintiff is the owner of a HUSTLER HOLLYWOOD service mark

that was registered on April 2, 2013 for "[r]etail store services featuring digital video discs, adult sexual stimulation aids, apparel, lingerie, hats, cosmetics, candles, perfumes, shave creams, bath and body products, personal lubricants, body creams, novelty items, party games, playing cards, candies, jewelry, books, magazines, condoms, and lotions" in International Class 35 (U.S. Reg. 4312312).

(4)     Plaintiff is the owner of a HUSTLER trademark that was registered on May 20, 1975 for "entertainment magazine" in International Class 16 (U.S. Reg. 1011001).

(5)     Plaintiff is the owner of a HUSTLER TV trademark that was registered on October 25, 2005 for "[c]able, satellite, television and video-on-demand (VOD) broadcasting" in International Class 38 (U.S. Reg. 3008950).

(6)     Plaintiff is the owner of a HUSTLER trademark that was registered on January 28, 2003 for "men's and women's jewelry, namely, rings, necklaces, bracelets, [ watches ]" in International Class 14  and "glassware, namely, shot glasses, mugs, beer steins" in International Class 21 (U.S.

Reg. 2679483).

(7)   Plaintiff is the owner of a HUSTLER trademark that was registered on December 4, 2007 for "[g]arments for pets" in International Class 18 (U.S. Reg. 3349195).

(8)   Plaintiff is the owner of a HUSTLER trademark that was registered on February 15, 2011 for "[m]otorcycle helmets" in International Class 9. (U.S. Reg. 3918404).

(9)   Plaintiff is the owner of a HUSTLER trademark that was registered on December 24, 2013 for "[e]yewear, namely, sunglasses; Protective gear for motorcycle riding, namely, motorcycle gloves for protecting hands in an accident and motorcycle goggles" in International Class 9. (U.S. Reg. 4453481).

(10)   Plaintiff is the owner of a HUSTLER trademark that was registered on June 18, 2013 for "[b]ackpacks; Duffel bags; Handbags; Messenger bags; Purses; Tote bags; Travel bags; Wallets" in International Class 18. (U.S. Reg. 4354035).

(11) Defendant Lee Keith Brett ("Defendant") is an individual that resides in Clay Center, Kansas.

(12) Defendant operates a website with the domain name <AmericanHustlerClothing.com>

(13) Defendant purchased the <AmericanHustlerClothing.com> domain name on or about May 7, 2015.

(14) Defendant filed a trademark application on June 10, 2015, for an AMERICAN HUSTLER service mark (Serial No. 86657943) for "[o]n-line retail stores services featuring clothing and billiard products" in International Class 35.

(15) During the application process, Defendant disclaimed any exclusive right to use "AMERICAN" apart from the mark as shown.

(16) On October 22, 2015, the United States Patent and Trademark Office ("USPTO") issued an Office Action refusing Defendant's

AMERICAN HUSTLER application based upon the likelihood of confusion with three of Plaintiff's Registered Marks (specifically, U.S. Reg. Nos. 2689852, 4268341, and 4312312).

(17) On December 8, 2015, Defendant responded to the October 22, 2015 Office Action.

(18) On January 10, 2016, the USPTO issued a Final Office Action again refusing Defendant's AMERICAN HUSTLER application based upon the likelihood of confusion with Plaintiff's Registered Marks (specifically, U.S. Reg. Nos. 2689852, 4268341, and 4312312).

(19) On June 22, 2016, prior to this preliminary conclusion being fully adjudicated, the USPTO suspended action on Defendant's AMERICAN HUSTLER application pending termination of this civil proceeding and the refusal for likelihood of confusion with Plaintiff's Registered Marks was continued as non-final.

(20) LFP, IP is not the exclusive trademark owner of the word "hustler." For example, Cigar Hustler reg. no. 4337913 is not owned by LFP, IP.

(21) LFP, IP has not conducted a survey.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection: N/A

7. **<u>Plaintiff</u>:**

(a) Plaintiff plans to pursue the following claims against the following defendant:

<u>Claim 1</u>: Defendant infringed Plaintiff's Registered Trademark(s) by promoting, advertising, preparing to distribute and/or selling "American Hustler" branded clothing items (15 U.S.C. § 1114(a)).

<u>Claim 2</u>: Defendant, in connection with the sale of t-shirts, used the term "American Hustler" in a false or misleading way which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association between Defendant and Plaintiff, or as to the origin, sponsorship or approval of Defendant's t-shirts or commercial activities by Plaintiff (15 U.S.C. § 1125(a)).

The elements required to establish Plaintiff's claims are:

Claim 1: Infringement of Plaintiff's Registered Trademark

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods.

In this case, Plaintiff contends that the Defendant has infringed Plaintiff's trademark(s). Plaintiff has the burden of proving by a preponderance of the evidence that:

(1) HUSTLER® and/or HUSTLER HOLLYWOOD® are valid, protectable trademarks;

(2) Plaintiff owns the HUSTLER® and/or HUSTLER HOLLYWOOD® trademarks; and

(3) Defendant used the "American Hustler" mark on his goods, without the consent of the Plaintiff, in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, §15.1[modified] and §15.5 [modified].

Claim 2: Federal Unfair Competition / False Designation of Origin

Plaintiff has the burden of proving by a preponderance of the evidence that:

(1) The HUSTLER® and/or HUSTLER HOLLYWOOD® trademarks are valid, protectable marks;

(2) Plaintiff owns the claimed trademarks;

(3) Defendant used the "American Hustler" mark, without the consent of Plaintiff, in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation or approval of the goods.

AUTHORITY: 15 U.S.C. §1125 (a)

In brief, the key evidence Plaintiff relies on for each of the claims is:

1. Plaintiff's Federal Trademark and Service Mark Registrations (Plaintiff owns various HUSTLER® trademark registrations for various goods and services, including but not limited to an incontestable registration for apparel items, including shirts. Plaintiff also owns the HUSTLER HOLLYWOOD® service mark for a chain of retail stores that feature various items for sale, including but not limited to HUSTLER®

**FINAL PRETRIAL CONFERENCE ORDER**
**10**

branded t-shirts and HUSTLER® branded merchandise).

2. Examples of Plaintiff LFP's T-Shirts (various designs that Plaintiff has sold over the years, some that feature the American flag and the slogan "Hardcore Since '74").

3. Defendant's various T-Shirt Designs (among other things, Defendant's t-shirt designs that feature "Hustler" prominently, designs that feature the year 1974, and using words such "original").

4. The USPTO's rejection of Defendant's "American Hustler" service mark application on a Section 2(d) likelihood of confusion refusal basis with respect to several registrations owned by Plaintiff.

5. Defendant's website that features various "American Hustler" t-shirt designs.

**Defendant:**

(a) Defendant plans to pursue the following counterclaims and

Pursuant to the meet and confer process with LFP's counsel, and based in particular on LFP's counsel's representations that it will not pursue a claim for damages, and has withdrawn and will not pursue its Third and Fourth Claims asserted in the Complaint, Mr. Brett will not pursue at trial the following defenses previously asserted in Mr. Brett's answer, affirmative defenses and counterclaims are withdrawn: 1) estoppel; 2) license; 3) laches; 4) waiver; 5) failure to state a claim; 6) mitigation of damages.  On August 3, Mr. Brett withdrew two counterclaims asserted in the Answer.  *See* ECF No. 30.

    (b)    The elements required to establish Defendant's counterclaims and affirmative defenses are:  See response to (a) above.

    (c)    In brief, the key evidence Defendant relies on for each counterclaim and affirmative defense is: See response to (a) above.

    8.    In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried: (1) whether Defendant used the "American Hustler" mark on his

**FINAL PRETRIAL CONFERENCE ORDER**

12

goods, without the consent of the Plaintiff, in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods; and (2) Defendant used the "American Hustler" mark, without the consent of Plaintiff, in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation or approval of the goods

9. All discovery is complete.

10. All disclosures under F.R.Civ.P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.

Pursuant to the Civil Trial Order issued on June 26, 2018, the parties shall meet and confer and prepare the Final Pre-Trial Exhibit Stipulation for filing on September 25, 2018.

11. Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

12. The following law and motion matters and motions in limine, and no others, are pending or contemplated: N/A.

13. Bifurcation of the following issues for trial is ordered: None.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____, 2018.

_____
U.S. DISTRICT MAGISTRATE JUDGE

Approved as to form and content.

*Attorneys for Plaintiff LFP IP, LLC:*

LIPSITZ GREEN SCIME CAMBRIA LLP


By: /s/Jonathan W. Brown
      Jonathan W. Brown, Esq.


*Attorneys for Defendant Lee Keith Brett:*

McDERMOTT WILL & EMERY LLP


By:  /s/ Jodi L. Benassi
      Jodi L. Benassi, Esq.


## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

                                   By:  /s/Jonathan W. Brown
                                           Jonathan W. Brown
                                           Attorney for Plaintiff
                                           LFP IP, LLC